## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

| | | |
|---|---|---|
| CALVIN W. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-846 C |
| | ) | |
| v. | ) | Filed: August 22, 2022 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 1, 2022, Plaintiff Calvin W. Scott, proceeding *pro se*, filed a Complaint that names as defendants over a dozen parties, including various federal and state agencies, officials, courts, and judges. *See generally* Pl.'s Compl. at 1, 4–5, ECF No. 1. Based on the Court's review, it appears he alleges entitlement to certain retirement benefits in connection with his prior service as a correctional officer in the Federal Bureau of Prisons and his ex-wife's service as a federal government employee, and he accuses various federal officials of fraud in denying him access to such benefits. *See generally* ECF No. 1. For relief, he seeks (1) retirement and spousal support; (2) a criminal referral "regarding the financial penalties for HIPPA violations," (3) $150,000 in connection with one of his appeals denied by the United States Court of Appeals for the Eleventh Circuit, and (4) a judgment declaring that the state court judge who oversaw his divorce proceedings committed fraud by wrongfully denying him spousal support. *Id.* at 3.

Plaintiff also seeks *in forma pauperis* status, *i.e.*, to proceed with his case without paying the full $402 filing fee. Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 2. "Courts have discretion under 28 U.S.C. § 1915 to grant *in forma pauperis* status to litigants." *Colida v.*

*Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)). This statutory provision "permits, but does not require, a court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'"[1] *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quoting 28 U.S.C. § 1915(a)(1)); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)) ("Proceeding *in forma pauperis* . . . is a privilege, not a right."). "[T]he threshold for a motion to proceed *in forma pauperis* is not high." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). A plaintiff, however, must support his request with an affidavit providing sufficient information, including a statement of all assets, showing his eligibility for *in forma pauperis* status. 28 U.S.C. § 1915(a)(1). It is left to the discretion of the presiding judge to determine based on the information a plaintiff submits whether he is "unable to pay such fees." *See Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018).

In his Application, Plaintiff represents that he is unemployed. ECF No. 2 ¶ 2. He also indicates that he receives $184 per month from Social Security and $1,400 per month from an unstated source. *Id.* ¶¶ 2(b), 3. Under an instruction directing the applicant to describe any additional sources of income received in the past 12 months and/or what the applicant expects to receive in the future, Plaintiff answered "Family and Friends $15,000.00." *Id.* ¶ 3. For expenses, Plaintiff indicates he pays $725 per month for various necessities, such as rent. *Id.* ¶ 6. Finally, Plaintiff states that he has no money in either a checking or savings account, owns a 2006 Toyota

---

[1] The language of § 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Despite the reference to "prisoner" in § 1915(a)(1), a "number of courts . . . have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court." *Brestle v. United States*, 139 Fed. Cl. 95, 102 n.6 (2018) (collecting cases).

Avalon worth approximately $2,000, has no dependents, and has $4,500 in credit card debt. *Id.* ¶¶ 4–5, 7–8.

After reviewing his Application, the Court does not find that requiring Plaintiff to pay the filing fee would constitute a "serious hardship." *Fiebelkorn*, 77 Fed. Cl. at 62. Plaintiff's income exceeds his regular expenses by roughly $860.00 per month. Likewise, Plaintiff's annual income, accounting for both his monthly income and the $15,000 sum that Plaintiff indicates he either received or anticipates receiving from family and friends, is far above the 2022 Department of Health and Human Services Poverty Guidelines for a single-person family, which currently amounts to $13,590. *See Annual Update of the HHS Poverty Guidelines*, 87 Fed. Reg. 3315-01 (Jan. 21, 2022).[2] Based on Plaintiff's present economic status, the Court finds that he has not provided "evidence that paying the filing fee would . . . impose[] undue financial hardship" such that relief from payment under § 1915(a)(1) is warranted. *Chamberlain*, 655 F. App'x at 825; *see, e.g.*, *White Horse v. United States*, No. 20-1624C, 2021 WL 1200727, at *2 (Fed. Cl. Mar. 30, 2021) (denying IFP status where plaintiff's income exceeded expenses by roughly $600 per month and annual income exceeded poverty guidelines); *cf. Moore v. United States*, 93 Fed. Cl. 411, 415 (2010) (granting plaintiff IFP status where "plaintiff's financial information demonstrate[d] an inability to meet existing financial demands, with very few liquid assets and an annual income level below the government established poverty line"); *Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (same); *Fiebelkorn*, 77 Fed. Cl. at 63 (granting plaintiff IFP status where plaintiff "owe[d] a large debt despite her financial limitations, her net worth [was] negative, her monthly budget exceed[ed] her monthly income, and another federal program ha[d] deemed plaintiff

---

[2] Even discounting the $15,000 amount, Plaintiff's monthly income alone would still exceed HHS's poverty guidelines.

eligible for assistance reserved for the poor"). Accordingly, the Court denies Plaintiff's IFP Application.

The Court further finds that denial of Plaintiff's Application is warranted by his history of frivolous filings in various federal courts. Indeed, courts have an obligation to deny *in forma pauperis* status to vexatious litigators, *see, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994), and, in particular, "have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings," *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases); *see also, e.g.*, *Maxberry v. United States*, No. 21-2234, 2021 WL 7186330, at *1 (Fed. Cir. Nov. 17, 2021), *cert. denied*, 142 S. Ct. 1214 (2022); *Aljindi v. United States*, No. 21-1578, 2021 WL 5177430, at *4 (Fed. Cl. Aug. 30, 2021); *Oyarzun v. United States*, No. 22-226C, 2022 WL 3568415, at *2 (Fed. Cl. Mar. 22, 2022).

Plaintiff has previously submitted in federal court at least four frivolous complaints and/or petitions. *See Scott v. Scott*, No. 1:12-CV-2160 (N.D. Ga. July 20, 2012) (dismissing as frivolous a complaint seeking to collaterally attack a state court divorce decree and alleging various crimes committed against him by ex-wife, the Alabama Bar Association, and attorneys and an investigator involved in his divorce); *In re Scott*, No. 13-11213-D (11th Cir. May 1, 2013) (denying *in forma pauperis* and finding frivolous a petition for mandamus which requested, among other things, modification of Plaintiff's divorce decree); *Scott v. Merrick*, No. 1:22-cv-333 (N.D. Ga. June 24, 2022) (finding that both the 239-page initial "shotgun pleading" and untimely 80-page amended complaint were insufficiently pled to survive frivolity review). Plaintiff has also filed multiple cases which, while not expressly found frivolous, were either promptly dismissed *sua sponte* or were dismissed for Plaintiff's failure to diligently prosecute the action, thus wasting the court's

time and resources.  *See Scott v. Bell*, No. 91-14 (N.D. Ga. Mar. 17, 1993) (dismissed for failure to comply with a court order); *Scott v. Panetta*, No. 1:12-CV-4246 (N.D. Ga. May 13, 2013) (dismissed for failure to effect proper service on any defendants); *Scott v. Woodruff*, No. 17-11532-H (11th Cir. June 6, 2017) (interlocutory appeal dismissed *sua sponte* for lack of jurisdiction); *In re Calvin W. Scott*, No. 19-13075-E (11th Cir. Nov. 19, 2019) (denial of petition for writ of mandamus and reconsideration); *Scott v. Dorchester Mgmt.*, No. 1:19-CV-4699 (N.D. Ga. Apr. 3, 2020) (dismissed for lack of prosecution, failure to follow court order, and failure to effect service); *Scott v. Dorchester Mgmt.*, No. 1:21-CV-2736 (N.D. Ga. July 8, 2021) (TRO and preliminary injunction denied, complaint dismissed at screening for lack of subject matter jurisdiction).

In particular, his complaint most recently dismissed as a frivolous "shotgun pleading" resembles the form of the Complaint filed in this Court, as well his claims for retirement benefits raised within.  *Compare* ECF No. 1, *with Scott v. Merrick*, No. 1:22-cv-333 (N.D. Ga. June 16, 2022); *see Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes shotgun pleading.").  Likewise, Plaintiff's grievances regarding his state court divorce proceeding and lack of access to his ex-wife's benefits appear similar to issues considered and dismissed in *Scott v. Woodroof*, No. 5:15-CV-56, 2016 WL 5253217 (N.D. Ala. Sept. 22, 2016), and *Scott v. Bentley*, No. 5:15-CV-56, 2017 WL 2633403 (N.D. Ala. June 19, 2017).

Upon the Court's review, his pleading in this action also suffers from threshold deficiencies.  The Complaint names over a dozen parties as "defendants" despite the well-settled rule that the United States is the only proper defendant in the Court of Federal Claims.  *See* Rule 10(a), Rules of the United States Court of Federal Claims ("RCFC"); *see also, e.g., McLarnon v.*

*United States*, 154 Fed. Cl. 459, 462–63 (2021).  Nor does it appear that the Court would have jurisdiction over Plaintiff's challenges to OPM determinations regarding civil service retirement benefits.  *See Manning v. United States*, No. 20-1446C, 2021 WL 3469197, at *4 (Fed. Cl. Aug. 6, 2021), *aff'd*, No. 22-1025, 2022 WL 621048 (Fed. Cir. Mar. 3, 2022).

Finally, the Court notes that Plaintiff included in the exhibits attached to the Complaint a Secure Digital ("SD") card (an electronic data storage device), which the Court assumes contains further documentation in support of Plaintiff's Complaint.  *See* Exs. to Pl.'s Compl. at 1, ECF No. 1-1.  However, a person not represented by an attorney may file papers with the Court electronically only if allowed by court order.  *See* RCFC 5(d)(3)(B)(i).  As the Court has not permitted such filing from Plaintiff, the Court will reject the SD card as improperly filed.  Any filings must be made in paper form unless otherwise ordered.

For these reasons, the Court finds that Plaintiff is not entitled to *in forma pauperis* status.  Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**.  On or before **September 21, 2022**, Plaintiff is **ORDERED** to pay the $402 filing fee.  If Plaintiff fails to comply with this order, the Court will dismiss his case for failure to prosecute under RCFC 41(b).

It is further **ORDERED** that the Court **REJECTS** the SD card attached to Plaintiff's Complaint.  The Clerk shall return the SD card to Plaintiff unfiled.

It is finally **ORDERED** that the deadline for Defendant to respond to the Complaint is hereby **STAYED** pending further Court order.

**SO ORDERED.**


Dated: August 22, 2022                    */s/ Kathryn C. Davis*
                                          KATHRYN C. DAVIS
                                          Judge