**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| CALVIN W. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-846 C |
| | ) | |
| v. | ) | Filed: October 14, 2022 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 1, 2022, Plaintiff Calvin W. Scott, proceeding *pro se*, filed a Complaint and an application to proceed *in forma pauperis* ("IFP"). Pl.'s Compl., ECF No. 1; Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 2. On August 22, 2022, the Court denied Plaintiff's application. Mem. Op. & Order at 3–4, ECF No. 6. It found that Plaintiff had not demonstrated entitlement to IFP status because his responses regarding income and assets supported the conclusion that payment of the filing fee would not constitute a "serious hardship" for Plaintiff. *Id*. The Court also found that the denial was warranted by Plaintiff's history of frivolous filings in various federal courts. *Id*. at 4–5. It ordered Plaintiff to file the $402 filing fee by September 21, 2022, and warned that failure to comply with the Court's order could result in dismissal of his complaint for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *Id.* at 6.

On September 19, 2022, Plaintiff filed a request for reconsideration of the order denying IFP status. Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 11. On September 23, 2022, the Court denied Plaintiff's second application. Order at 2–3, ECF No. 13. It found that, even assuming the revisions to his income and assets demonstrated financial hardship, Plaintiff was not

entitled to IFP status for the separate, independent reason of his history of frivolous filings in various federal courts. *Id*. The Court ordered that Plaintiff pay the $402 filing fee by October 7, 2022, and again warned Plaintiff that failure to comply with the order would result in dismissal. *Id*.

RCFC 41(b) allows the Court to dismiss a plaintiff's case *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the court's] rules or a court order." That Plaintiff is acting *pro se* does not change this fact. *See Duncan v. United States*, 432 F. App'x 963, 965–66 (Fed. Cir. 2011) (affirming dismissal of a *pro se* plaintiff's case where the court's order "was clear and unambiguous in stating that it could dismiss [the plaintiff's] case" if she did not comply with the order); *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . .").

The Court's October 7 deadline passed, and Plaintiff has still failed to pay the filing fee. Because Plaintiff has failed to comply with this Court's unambiguous rules and order, despite ample opportunity to do so, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to prosecute under RCFC 41(b). The Clerk of Court shall enter judgment accordingly.

**SO ORDERED.**

Dated: October 14, 2022

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge